**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

ANTONIO GOLDMON                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 4:14-CV-0112-SA-SAA

CHRISTOPHER EPPS, ET AL.                                                                    DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the Court on the Complaint [1] of Antonio Goldmon, who challenges the conditions of his confinement by the Mississippi Department of Corrections under 42 U.S.C. § 1983. For purposes of the Prison Litigation Reform Act, the Court notes that the Plaintiff was incarcerated when he filed this suit. The Defendants submitted an Amended Motion to Dismiss For Failure to Exhaust Available Administrative Remedies [35] under Federal Rule of Civil Procedure 12(b)(6), arguing that all claims should be dismissed because Goldmon did not exhaust all of his available administrative remedies prior to filing suit. Plaintiff Goldmon has responded to the motion, the Defendants have replied, and this motion is ripe for review. For the reasons set forth below, the Defendants' Motion to Dismiss [35] (construed as a motion for summary judgment) is granted, and the case is dismissed without prejudice for failure to exhaust administrative remedies.

**Standard of Review**

Both parties have presented documents and information outside the pleadings. Pursuant to Federal Rule of Civil Procedure 12(d), the Court will consider the Defendant's Motion to Dismiss [35] as a motion for summary judgment under Federal Rule Civil Procedure 56. *See* FED. R. CIV. P. 12(d). ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the

pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56.")

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the non-moving party's case"). The non-moving party must then "go beyond the pleadings" and designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. 2548. Factual controversies are resolved in favor of the non-moving party, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). When contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075. Rule 56(a) requires the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548.

## Discussion and Analysis

The Plaintiff filed this civil action challenging the conditions of his incarceration pursuant to 42 U.S.C. § 1983 on August 8, 2014. The Complaint [1] contains various allegations

about the manner and quality of medical care available to the Plaintiff and the circumstances surrounding an incident where the Plaintiff was stabbed. It is not necessary to address the merits of these claims here, as the consideration of this motion turns on the Plaintiff's failure to exhaust all of his available administrative remedies prior to filing suit.

The Mississippi Department of Corrections (MDOC) has the authority to adopt an administrative review procedure at each of its correctional facilities. MISS. CODE ANN. § 47-5-801. In accordance with its authority, MDOC has established a two-step Administrative Remedy Program (ARP) which an offender may use to seek formal review and appeal of a grievance related to any aspect of their incarceration.[1] The instant case involves two separate ARP greivances submitted by Plaintiff Goldmon.

Goldmon's first ARP grievance was submitted on June 19, 2013. This grievance concerned multiple events, and was returned to Goldmon by mail to give him the opportunity to refile each grievance separately per ARP procedure. Goldman complied and refiled his first ARP grievance correctly on July 3, 2013. The subject matter of this ARP grievance relates to the quality and manner of medical treatment Goldmon recieved from prison medical staff. This ARP grievance was accepted and the allegations within were found to be without merit. Goldmon was informed of this result on August 23, 2013 and given until August 28, 2013 to appeal to step two, or ask for an extension of time.[2] Goldmon did not respond until September 6, 2013. Because Goldmon failed to respond in a timely manner his ARP was closed.

---

[1] The Mississippi Department of Corrections' Administrative Remedy Program has been approved in *Gates v. Collier*, No. GC 71–6–S–D (N.D. Miss. 1971) (Order dated February 15, 1994), and *Stewart v. Woodall*, No. 2:11CV207-KS-MTP, 2012 WL 2088883, at *1 (S.D. Miss. May 2, 2012). As such, Goldmon's collateral attacks on the validity of the ARP program contained in his Response and Declaration [41] are not well plead, nor are they relevant to the determination of whether Goldmon has exhausted his administrative remedies prior to this filing in federal court. *See also Taylor v. Burns*, No. 4:08CV036-A-S, 2009 WL 1515015, at *1 (N.D. Miss. May 29, 2009) aff'd, 371 F. App'x 479 (5th Cir. 2010).

[2] Multiple 5-day time extensions are available with valid reasons for the delay under ARP procedure. MDOC Inmate Handbook, Administrative Remedy Program [41-4].

Goldmon filed a second ARP grievance on January 29, 2014 alleging various types of misconduct by MDOC employees and officials surrounding an incident where Goldmon was stabbed. The incident occurred on June 12, 2013. According to the MDOC Inmate Handbook, Administrative Remedy Program [41-4], provided by Goldmon, ARP procedure requires that inmates file a grievance within thirty days after an incident occurs. Because more than seven months passed between the incident and the filing of the ARP, Goldmon's grievance was rejected.

## Exhaustion

The Prison Litigation Reform Act (PLRA) applies in this case because Goldmon was incarcerated at the time he filed. 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). The Fifth Circuit takes a strict approach to the exhaustion requirement. *Taylor*, No. 4:08CV036-A-S, 2009 WL 1515015, at *1. Even if the type of relief a prisoner seeks is not available through the administrative review process, exhaustion is required. "There is no futility exception to the exhaustion requirement, and inmates must exhaust even where the relief sought is unavailable through the administrative process." *Montgomery v. Palmer*, No. 1:12CV73-SA-SAA, 2013 WL 5423910, at *2 (N.D. Miss. Sept. 26, 2013) (citing *Booth v. Churner*, 532 U.S. 731, 739–41, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001)); *Woodford v. Ngo*, 548 U.S. 81, 83–84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). The exhaustion requirement is mandatory, and is not subject to the discretion of the district court. *Gonzalez*, 702 F.3d at 788 (citing *Woodford*, 548 U.S. at 85, 126 S. Ct. 2378). Prison grievance process

deadlines must also be adhered to in order to achieve exhaustion. *Id*. at 788 (citing *Woodford*, 548 U.S. at 87, 126 S. Ct. 2378).

In the instant case, the defense has clearly demonstrated through the pleadings and attached documents that Goldmon failed to complete the prison administrative grievance process relative to his claims before filing in federal court.[3] Goldmon failed to exhaust all of the remedies available to him relevant to the first ARP grievance because he did not avail himself of the second-step appeal procedure by filing an appeal, or requesting an extension, within the time allowed. As stated above, prison grievance process deadlines must be adhered to in order to achieve exhaustion, and *all available* legal remedies must be exhausted before filing suit under 42 U.S.C.§ 1983. *Gonzalez*, 702 F.3d at 788 (citing *Woodford*, 548 U.S. at 87, 126 S. Ct. 2378, 165 L. Ed. 2d 368); 42 U.S.C. § 1997e(a).

Goldmon's remedies were not exhausted relative to the grievances in his second ARP for similar reasons. In order to exhaust all the remedies available to him Goldmon should have filed his second grievance within thirty days of the incident. His failure to comply with this requirement clearly demonstrates that he did not exhaust all the remedies available to him before filing under 42 U.S.C. § 1983. *Id*. (citing *Woodford*, 548 U.S. at 87, 126 S. Ct. 2378; 42 U.S.C. § 1997e(a)).

Goldmon does not dispute the fact that he failed to complete the ARP process in either instance. To the contrary, Goldmon concedes that he did not comply with the required deadlines, and complains that he did not have enough time to respond even though he never requested a time extension. As noted above, MDOC's Administrative Remedy Program, and the procedures

---

[3] It should also be noted that the content and issues raised in Goldmon's Administrative Remedy Requests are not coextensive with the issues raised in his Complaint [1]. While it is not necessary to fully examine this issue here due to Goldmon's failure to exhaust, under the PLRA an inmate must exhaust administrative remedies for the same issues brought before the court. *See* 42 U.S.C. § 1997e(a); *Gonzalez* 702 F.3d 785; *Woodford*, 548 U.S. 81, 126 S. Ct. 2378.

5

within, has repeatedly been approved by this Court and others. *See Gates v. Collier*, No. GC 71–6–S–D (N.D. Miss. 1971) (Order dated Feb. 15, 1994); and *Stewart*, No. 2:11CV207-KS-MTP, 2012 WL 2088883, at *1. As such, Goldmon's collateral attacks on ARP procedure are not relevant to the determination of whether Goldmon has exhausted his administrative remedies prior to this filing in federal court.

## Conclusion

In this case, the Defendants have clearly carried their burden by showing the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 325, 106 S. Ct. 2548. Goldmon failed to exhaust all of the administrative remedies available to him prior to filing this suit in federal court, and to demonstrate the existence of any disputed issue worthy of a jury's consideration. For these reasons, the Defendants' Motion to Dismiss [35] (construed as a motion for summary judgment) is GRANTED, and this Case is DISMISSED without prejudice for failure to exhaust administrative remedies.

**SO ORDERED this the 24th day of August, 2015.**

                                            **/s/   Sharion Aycock**
                                            **UNITED STATES DISTRICT JUDGE**